FILED
DEC 3 1 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| EDWARD THOMAS KENNEDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 18-2694 (UNA) |
| ) | |
| UNITED STATES DISTRICT COURT FOR THE ) | |
| MIDDLE DISTRICT OF PENNSYLVANIA, et al.,) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION

The plaintiff's claims purportedly arose "in case 3:18-cv-00777, in KENNEDY v. EVANCHICK, in ECF document 23 titled 'Order' filed October 10, 2018, signed by Malachy E. Mannion," Compl. ¶ 3, filed in the United States District Court for the Middle District of Pennsylvania. The order to which the plaintiff refers is that of Judge Mannion, who rejected the plaintiff's challenge to Magistrate Judge Arbuckle's order denying his motion to compel service of process. *See* Order, *Kennedy v. Evanchick*, No. 18-cv-777 (M.D. Pa. Oct. 10, 2018). The plaintiff brings this action against Judge Mannion, Magistrate Judge Arbuckle, the Clerk of Court and the court itself, *see* Compl. ¶¶ 3, 6, for assorted harms for which the plaintiff demands monetary damages, *see id.* ¶¶ 47-48, 53-55, among other relief.

Judge Mannion and Magistrate Judge Arbuckle enjoy absolute immunity from liability for damages for acts taken in their judicial capacities. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"). Without question, a

judge's order denying a motion to compel service is a judicial action. *See Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014) (finding that "judge's decision to file or deny a party's motions or requests is an action routinely performed by a judge in the course of litigation, and thus would constitute a judicial act immune from suit"), *aff'd,* No. 14-5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015). Absent any showing by the plaintiff that these judges' "actions are taken in the complete absence of all jurisdiction," *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (citation omitted), they are "immune from damage suits for performance of tasks that are an integral part of the judicial process," *id.* at 1461 (citations omitted).

The Clerk of Court, too, is protected. "It is well established that judicial immunity 'extends to other officers of government whose duties are related to the judicial process.'" *Roth v. King*, 449 F.3d 1272, 1287 (D.C. Cir. 2006) (quoting *Barr v. Matteo*, 360 U.S. 564 569 (1959)). Accordingly, the plaintiff's claims against these defendants fail. "Clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process." *Sindram,* 986 F.2d at 1460. "The clerk or deputy clerk's receipt and processing of a litigant's filings are part and parcel of the process of adjudicating cases," *Sibley v. U.S. Supreme Court*, 786 F. Supp. 2d 338, 344 (D.D.C. 2011), and claims against such employees properly are dismissed, *see Young v. Levitan*, No. 1:18-CV-02045, 2018 WL 5817356, at *1 (D.D.C. Nov. 5, 2018).

The Court will grant the plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint. An Order consistent with this Memorandum Opinion is issued separately.

DATE: December 31, 2018

United States District Judge